UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, <br><br> *Plaintiff,* <br><br> v. <br><br> ZACHARY M. ZELTZER, <br><br> *Defendant.* | Civil Action No. 25-2687 <br><br> **OPINION** <br><br> March 11, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Defendant Zachary M. Zeltzer's ("Defendant") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  (ECF 9, "Mot.")  The Cincinnati Insurance Company ("Plaintiff") opposed (ECF 10, "Opp."), and Defendant filed a reply.  (ECF 11, "Reply".)  The Court has decided the motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1.  For the reasons set forth below, Defendant's motion is **DENIED**.

**WHEREAS** on March 14, 2025, Plaintiff filed the Complaint, alleging violations of the New Jersey Insurance Fraud Prevention Act ("IFPA"), N.J. Stat. § 17:33A-4, and of the concealment or fraud condition of the insurance policy issued by Plaintiff to Defendant (the "Policy").[1]  (ECF 1, "Compl." ¶¶ 27, 33.)  On September 3, 2021, Defendant submitted a claim to Plaintiff under the Policy, reporting the loss of four items of jewelry while he was on vacation in Italy.  (*Id.* ¶ 12.)  Based on Defendant's representations in connection with his claim, Plaintiff

---

[1] Plaintiff issued a Capstone Personal Articles Policy, No. I01 0931494, to Defendant effective October 20, 2020 to October 20, 2021.  (Compl. ¶ 10.)

accepted coverage and issued payment for all four pieces of jewelry in the amount of $454,052.50 on October 18, 2021. (*Id.* ¶ 17.) On December 6, 2024, Plaintiff learned that three of the pieces of jewelry were located in a safe in Defendant's home in Puerto Rico. (*Id.* ¶ 18.) Plaintiff obtained possession of the items and reopened the claim so it could continue its investigation, based on "information and belief [that] at all relevant times, Defendant was aware" that the three pieces of jewelry were located in his safe at this home in Puerto Rico. (*Id.* ¶¶ 19, 20); and

**WHEREAS** Defendant moves to dismiss the Complaint on three grounds. First, Defendant argues that the Court lacks general and specific jurisdiction, because Plaintiff has failed to establish either that Defendant has connections that "are so substantial" to New Jersey or the minimum contacts necessary for specific jurisdiction. (Mot. at 5-7.) Second, Defendant argues that this action is barred by the statute of limitations outlined in the Policy. (*Id.* at 7-8.) Third, Defendant argues that Plaintiff has failed to plead its claim with specificity as required by the heightened pleading standard for fraud-based claims. (*Id.* at 9-10); and

**WHEREAS** "[p]ersonal, or in personam, jurisdiction, divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). To establish general jurisdiction, the defendant's contacts with the state must be so "continuous and systematic" that the defendant is considered "at home" within the state. *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). Specific jurisdiction requires that Defendant has sufficient minimum contacts with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A finding of minimum contacts requires defendant to have "purposefully avail[ed]" itself of the laws and benefits of conducting business in New Jersey. *Burger King*, 471 U.S. at 475. Plaintiff must establish that Defendant purposefully availed himself of the forum to a degree "such that he should reasonably

anticipate being haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980); and

**WHEREAS** this Court has specific jurisdiction because Defendant has purposefully directed his activities at the forum state, New Jersey, and this litigation arises out of those activities. A substantial part of the events giving rise to the insurance claim occurred in New Jersey: the Policy was issued in New Jersey and provided coverage for Defendant's then-residence in Montclair, New Jersey.  (*See* ECF 1-3, Insurance Policy, "Exhibit A".)  Moreover, Defendant submitted a sworn Proof of Loss form in support of his claim for the lost jewelry items, which was notarized in New Jersey and described events that took place in New Jersey, including that he "flew back to one of my residences in Montclair, NJ on August 24th, 2021" and when he "went to put the items in my safe on August 25th, 2021, they were not in my bag."  (Opp. at 2) (citing ECF 10-1, Proof of Loss.)  Thus, "Defendant purposefully engaged with the state in connection with the insurance policy and claim" (*id.*), and the Court retains personal jurisdiction over Defendant; and

**WHEREAS** Defendant argues that Plaintiff's claim is barred by the statute of limitations because Section 13 of the Policy states: "Your action must have been started within two years after the occurrence of the 'physical loss' or damage."  (Mot. at 8.)  However, this "argument rests on a fundamental misreading of the insurance policy and misapplication of legal doctrine."  (Opp. at 3.)  The provision in Section 13 "is expressly and solely directed at actions brought *against* Cincinnati" (*id.*) (emphasis in original), whereas here, Plaintiff Cincinnati brings a civil cause of action against Defendant Zeltzer.  Thus, the suit limitation provision in the Policy applies only to the insured's right to sue the Cincinnati Insurance Company, *i.e. Defendant's* right to sue Plaintiff,

3

not the other way around.  Defendant does not dispute this,[2] but argues instead that "the doctrine of mutuality dictates that this provision must be applied consistently to both parties."  (Mot. at 8.)  Certainly, the doctrine of mutuality establishes that "unless both parties are bound, neither is bound."  *Friedman v. Tappan Dev. Corp.*, 126 A.2d 646, 651 (N.J. 1956).  However, "where there is no other consideration for a contract, mutual promises must be binding on both parties, but where there is any other consideration for the contract, mutuality of obligation is not essential." *Id.* at 533 (quoting *Meurer Steel Barrel Co. v. Martin*, 1 F.2d 687, 688 (3d Cir. 1924)).  Here, the Policy was clearly supported by consideration, *i.e.* Defendant's payment of premiums for insurance coverage, which "satisfies any mutuality concerns."  (Opp. at 4.)  Thus, the Court agrees with Plaintiff that "Defendant misapplies the doctrine of mutuality" (*id.* at 3), and Defendant's motion to dismiss on statute of limitation grounds is denied; and

**WHEREAS** Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief.[]"  Fed. R. Civ. P. 8(a)(2).  To meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  *Iqbal*'s "'plausibility' standard does not require probability, but it does demand more than a sheer possibility that the defendant acted unlawfully."  *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011).  A federal court evaluating a motion to dismiss must disregard any legal conclusions.

---

[2] Indeed, Defendant concedes that "the Policy limitation is drafted by the Plaintiff only towards limiting Defendant's claim[.]"  (Mot. at 8.)

*See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210−11 (3d Cir. 2009).  Instead, the court must determine whether the alleged facts are sufficient to show that plaintiff has a plausible claim for relief.  *See id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks and citation omitted); and

**WHEREAS** Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud, independent of the standard applicable to Rule 12(b)(6) motions.  *See In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud" and that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Clark v. Wyndham Hotels & Resorts*, No. 24-10836, 2025 WL 211538, at *2 (D.N.J. Jan. 16, 2025) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).  The particularity requirement of Rule 9(b) is "relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).  This is so because application of the particularity requirement "may permit sophisticated defrauders to successfully conceal the details of their fraud." *Id.*  Accordingly, "[p]laintiffs must accompany their legal theory with factual allegations that *make their theoretically viable claim plausible*." *Id.* (emphasis added).  Rule 9(b) applies to common law fraud claims and claims under the IFPA. *See Aetna Life Ins. Co. v. Maximum Med. & Rehab., LLC*, No. 24-10362, 2025 WL 1193782, at *5 (D.N.J. Apr. 23, 2025) (applying Rule 9(b) to plaintiff's IFPA and common law fraud claims); and

5

**WHEREAS** the Complaint here meets the pleading standards of Rule 8 and the heightened pleading standards of Rule 9(b).  The Complaint identifies the specific insurance claim, a description of the jewelry items allegedly lost, the date the claim was submitted, the amount paid for the claim based upon the Defendant's representations, the date that Plaintiff learned of the alleged fraudulent representations, the fact that Plaintiff recovered the jewelry, as well as that Defendant was knowingly in possession of the "lost" jewelry items and where those items were stored.  (*See* Opp. at 5; *see also* Compl. ¶¶ 10, 12-19.)  These allegations contain the requisite specificity demanded by Rule 9(b), including by alleging Defendant's malice, knowledge, or intent "generally."  Fed. R. Civ. P. 9(b). Plaintiff has therefore successfully supported its allegations "with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue."  *In re Rockefeller*, 311 F.3d at 217 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1422). Defendant's complaint that Plaintiff has failed to allege a "specific statement by Defendant falsely claiming the jewelry was lost"; "[h]ow and when Defendant allegedly made that misstatement"; "[w]ho at Cincinnati relied on that misstatement and what they were told"; and "[h]ow Cincinnati 'discovered' the items in Defendant's safe" mistakes the pleading standards of Rule 8 and 9(b) for the standard of proof at trial.  (Reply at 9.)  Defendant's motion to dismiss for failure to state a claim is therefore denied; and

**WHEREAS** Defendant finally argues that Plaintiff breached Section 3(d) of the Policy by failing to offer to return the recovered jewelry.  (*See* Mot. at 11.)  Defendant's argument "presumes that coverage exists under the policy and that the claim was legitimate."  (Opp. at 6.)  However, Plaintiff is alleging the opposite—that the claim was fraudulent and that Defendant knowingly violated the Policy's concealment or fraud condition.  Under New Jersey law, fraud voids

coverage.  *See Longobardi v. Chubb Ins. Co.*, 582 A.2d 1257, 1261 (N.J. 1990) (upholding concealment or fraud clause stating that the entire policy is void if the insured makes a material misrepresentation about a material fact or circumstance relating to the insurance) ("we agree with those courts that have concluded that "concealment or fraud" clauses apply when an insured misrepresents facts to the insurer that is investigating a loss.")  Given the factual allegations of fraud that would void the Policy under the concealment or fraud provision therein, the Court cannot find Plaintiff in breach of Section 3(d) at this stage of litigation.

Accordingly, Defendant's Motion to Dismiss is **DENIED**.  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties